UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROZINA RHONDA JONES-WILLIAMS, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Case No. 4:23-cv-00544-SEP |
| ) | |
| ST. LOUIS COUNTY JUSTICE ) | |
| CENTER, et al., ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM AND ORDER

Before the Court is Petitioner Rozina Rhonda Jones-Williams's Motions for Leave to Proceed *in forma pauperis*.[1] Docs. [4], [7], [11]. Upon review of the motions and financial information contained therein, the motions are granted. *See* 28 U.S.C. § 1915(a)(1). For the reasons set forth below, the Petition for Writ of Habeas Corpus, Docs. [1], [5], [8], is denied.

### BACKGROUND

Petitioner is a self-represented litigant who is currently a pretrial detainee at the St. Louis County Justice Center in Clayton, Missouri. On April 27, 2023, Petitioner filed a Petition for Writ of Habeas Corpus, Doc. [1], which the Court construes as a petition under 28 U.S.C. § 2241. Petitioner appears to challenge three pending criminal cases in St. Louis County.[2]

Petitioner initiated this action on April 27, 2023, by filing a handwritten document petitioning for a writ of habeas corpus. Doc. [1]. Petitioner appears to protest her November 1, 2022, arrest by St. Louis County Police officers. Doc. [1] at 1-2. By Petitioner's account, the officers arrested her, her fiancé, and her son, and took them "to the headquarters" without a "warrant or search warrant." *Id*. at 2. Petitioner suggests that her arrest is in retaliation for a civil suit that she filed, and she challenges the legality of her detention. *Id*. at 3.

---

[1] The Court notes that Petitioner has several aliases, referenced by Petitioner and others in the pleadings. These aliases include Rozina Kimani Muthoka, Rozina Muthoka, Rozina R. Jones, Rozina R. Williams, and Rozina Jones Williams.

[2] *See State v. Jones-Williams*, No. 16SL-CR06057-01 (Mo. 21st Jud. Cir.); *State v. Jones-Williams*, No. 18SL-CR02759-01 (Mo. 21st Jud. Cir.); *State v. Muthoka*, No. 22SL-CR07861-01 (Mo. 21st Jud. Cir.). All three cases remain pending against Petitioner. The Court takes judicial notice of those public records. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007).

Petitioner also claims that she was indicted without "a hearing to cancel the bond that was posted on cause # 22SL-CR07861." *Id*. at 4.  She argues that her extradition to Missouri was illegal, that there was no probable cause for her arrest, and that she was denied a preliminary hearing.  *Id*. at 5, 8-9.  And she alleges that the State of Missouri denied her father medical care and attempted to murder him.  *Id*. at 10.  Petitioner appears to sue for the return of her father's remains under a theory of replevin.  *Id*. at 14.

On May 11, 2023, the Court received a supplement to Petitioner's original petition.  Doc. [2].  In the supplement, Petitioner asks the Court to order her immediate release.  *Id*. at 1.  She asserts that she was unlawfully detained in the St. Louis County Justice Center after a warrant was issued on December 14, 2022.  She claims that a St. Louis County detective made a false report about her on October 29, 2022, and "engaged in the physical coercion and extortion of petitioner on November 1, 2022," which is an apparent reference to her arrest.  *Id*. at 2.  Petitioner accuses the detective of "falsely stating [her] name" and reporting that she admitted to burning her dead father's body at her home.  *Id*.

The supplement also contains claims regarding Petitioner's extradition.  Petitioner does not lay out the facts, but it seems that she left Missouri while on bond and was then detained in Georgia.  Doc. [2] at 3.  She was then extradited from Georgia back to Missouri, in a process that Petitioner insists violated her constitutional rights.  *Id*. at 3-4.  Petitioner states that she refused to waive extradition, thereby forcing the Governor of Missouri to request formal extradition.  *Id.* Petitioner argues that the ensuing extradition was based on false statements, and that she was never shown a warrant.  She also claims that she requested an attorney and a bond while incarcerated in Georgia but was refused a bond because Missouri had a hold on her.  *Id.* at 5.

Petitioner notes that while confined in Georgia, she filed a petition for writ of habeas corpus with the 21st Judicial Circuit Court of St. Louis County.  *Id.* at 6.  She received a response from the Circuit Clerk's legal counsel, advising her that she must file a petition for writ of habeas corpus in the judicial circuit where she was detained.  *Id.* at 7.  The response further advised Petitioner that because she had counsel, her pleadings had to be filed by her attorney.  Petitioner asserts that the response violated her fundamental rights.  *Id.* at 8.

2

Attached to the supplement are two exhibits, which the Court has reviewed and will treat as part of the pleadings.[3] The second exhibit is a typewritten document titled "Petition of Writ of Habeas Corpus and Affidavit to Proceed in Forma Pauperis," in which Petitioner states that she is being confined in the St. Louis County Justice Center in violation of her constitutional rights. *Id*. at 12. The petition asserts that on November 1, 2022, law enforcement "invaded [her] home" and "removed items without a search warrant." *Id*. In particular, she states that her "father[']s ceremonial remains" were taken, and she was arrested. *Id*. Petitioner further alleges that she was coerced into making a false confession, that she was extradited from Georgia—where she says she has lived since 1995—based on fraudulent documents, and that the Missouri courts are involved in "racketeering" against her relating to her unsuccessful civil suits to maintain possession of 319 Wild Canyon Drive. *Id.* at 12-14.

Because she was a pretrial detainee seeking a writ of habeas corpus, the Court construed Petitioner's original petition as arising under 28 U.S.C. § 2241. On May 19, 2023, the Court ordered Petitioner to file an amended petition on a Court-provided § 2241 form and sent her a copy of the form. Doc. [3]. The Court also directed Petitioner to file a motion for leave to proceed *in forma pauperis*.

On May 30, 2023, the Court received Petitioner's motion for leave to proceed *in forma pauperis*, as well as an amended petition. Docs. [4], [5]. The amended petition was not on the Court-provided 28 U.S.C. § 2241 form that had been sent to her but was instead on a 28 U.S.C. § 2254 form for use by convicted and sentenced state prisoners.

The amended petition contains four grounds for relief.[4] In Ground One, Petitioner complains about her extradition from Fulton County, Georgia. Doc. [5] at 4. She asserts that Atlanta was her "place of [refuge]," and that she was not served with a fugitive warrant "within [the] time required." *Id*. at 4. Petitioner contends that she came into custody in an "invasive" way that involved "deadly force," and that Missouri has no jurisdiction. *Id*. In Ground Two, Petitioner challenges the "amount of bail." Doc. [5] at 10. Specifically, she asserts that she was

---

[3] *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes."); *see also Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011) ("While 'ordinarily, only the facts alleged in the complaint are considered in determining whether it states a claim, materials attached to the complaint as exhibits may be considered in construing the sufficiency of the complaint.'" (cleaned up) (quoting *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986))).

[4] Petitioner attached 64 pages of exhibits to the amended petition. Doc. [5-1]. The exhibits are not numbered or lettered. The Court has reviewed all the exhibits and will treat them as part of the pleadings.

3

"denied a bond cancellation hearing on all cases," and that she is currently being held without bond. *Id*. In Ground Three, Petitioner challenges "jurisdiction." Doc. [5] at 11. She claims that she is "a limited liability company," that "equity law venue [is] improper," and that her public defender refused to challenge jurisdiction on the basis that she is "not a person but under [the] uniform commercial law." *Id*. In Ground Four, Petitioner asserts "special demurrer," and lists "no evidence," "no discovery provided," "no response to [her] affidavit," "denial of hearings," and "request a speedy trial" as supporting facts. Doc. [5] at 13.

On June 15, 2023, Petitioner filed another motion for leave to proceed *in forma pauperis*. Doc. [7]. On that same date, the Court received a second amended petition, this time on a Court-provided 28 U.S.C. § 2241 form. Doc. [8]. The second amended petition contains four grounds for relief. In Ground One, Petitioner asserts that the State of Missouri "fraudulently abated [her] inheritance [by] claiming to be the beneficiary over [her]," in violation of the Thirteenth Amendment. *Id.* at 6. In Ground Two, Petitioner alleges "medical malpractice" in the denial of her diabetes medication. She also repeats her prior claim about the fraudulent abatement of her inheritance, and that law enforcement "kidnapped" her without a warrant and with deadly force. In Ground Three, Petitioner asserts a denial of due process, arguing that bond was improperly recalled and that she was denied a preliminary hearing. Finally, in Ground Four, Petitioner claims that her rights were violated due to excessive force, retaliation, denial of access to property, denial of access to the courts, and refusal of medical care. *Id.* at 7.

Along with the second motion for leave to proceed *in forma pauperis* and second amended petition, Petitioner also submitted a "Writ of Mandamus," Doc. [9], which was previously filed in Petitioner's state criminal cases. In that document, Petitioner asserts that all law is contract, and that "in order for any claim to be made the contract must be produced." *Id.* at 2. Because there is no contract, there can be no law. *Id.* at 4. Petitioner further contends that as a Hebrew Israelite, she has "Natural Status" as a "Natural Person," and the courts of the United States do not have jurisdiction over her. *Id.* She asks the Court to issue a writ of mandamus to stop the "interference[,] intrusion[,] intervention[,] intercession[,] involvement[,] trespass[,] meddling[,] prying[, and] butting in." *Id.* at 5.

In a supplement filed on June 15, 2023, Petitioner alleges violations of the Sixth, Eighth, Eleventh, and Fourteenth Amendments, and accuses her public defender of a conflict of interest. Doc. [10]. She believes that her indictment should have been suppressed due to a lack of evidence. *Id.* at 1. In particular, Petitioner asserts that there "is no evidence of a corpse, or a[n]

4

abandoned corpse," and that because there is no body, she cannot be charged.  *Id*.  Petitioner further argues that her arrest amounted to "kidnapping" and use of "deadly force." *Id*. at 2. Finally, Petitioner states that she is not receiving her diabetes medication, that she is being denied dental care, that conditions are overcrowded, that the jail cells flood, that the diet is not healthy, and that she is not going to court enough.  *Id*. at 3-4.

On July 5, 2023, the Court received a document from Petitioner that it construes as another motion for leave to proceed *in forma pauperis*.  Doc. [11].

On July 10, 2023, Petitioner filed a document titled "Automatic Bill of Stay and Redemption[,] All State Court Proceedings," Doc. [12], asking the Court to stay the state court proceedings that are the subject of her habeas corpus action.  Petitioner asserts that federal intervention is appropriate due to "special circumstances such as proven harassment [and] bad faith prosecution." *Id.* at 1-2.  She also alleges that she is not receiving proper medical and dental care in the St. Louis County Justice Center.  *Id.* at 3.  Additionally, Petitioner contends that her bail is excessive because, for seven years on a recognizance bond, she appeared as required at all hearings and honored the conditions of her release. *Id.* at 4.

## DISCUSSION

### I.   Grounds for relief

Petitioner has submitted around 180 pages of filings to the Court, including three separate petitions, as well as numerous supplements, motions, and writs.  The Court has reviewed all of Petitioner's filings, as well as the attached exhibits, and notes that Petitioner has scattered numerous grounds for relief throughout them.  Based on its own review, the Court has divided Petitioner's various grounds for relief into the following categories:  (1) excessive bail; (2) violation of Petitioner's right to a speedy trial; (3) claims relating to Petitioner's arrest, confession, search of her home, and prosecutorial misconduct; (4) improper extradition; (5) denial of a preliminary hearing; and (6) claims regarding Petitioner's conditions of confinement.

### II.  28 U.S.C. § 2241

Habeas corpus is generally a post-conviction remedy.  *See Peyton v. Rowe*, 391 U.S. 54, 59 (1968); *see also Jones v. Perkins*, 245 U.S. 390, 391 (1918) ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of trial.").  Under 28 U.S.C. § 2241(c)(3), however, a petitioner may file a petition for writ of habeas corpus if he or she "is in

5

custody in violation of the Constitution or laws or treaties of the United States," regardless of whether he or she is in custody pursuant to the judgment of a state court.[5]

Based on its text, 28 U.S.C. § 2241 has been recognized as a source of habeas review for state pretrial detainees. *See Palmer v. Clarke*, 961 F.2d 771, 774 (8th Cir. 1992) (federal district court could entertain a § 2241 petition in which petitioner asserted an impending Double Jeopardy Clause violation); *see also Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007) ("[A] state court defendant attacking his pretrial detention should bring a habeas petition pursuant to the general grant of habeas authority contained within 28 U.S.C. § 2241.").

Petitioner is a pretrial detainee who has indicated she is challenging her custody in three separate state criminal cases currently pending. Because she is not "in custody pursuant to the judgment of a State court," she cannot bring a petition for writ of habeas corpus under 28 U.S.C. § 2254. Thus, the Court construes Petitioner's action as arising under 28 U.S.C. § 2241.

### III. Claims relating to bail, speedy trial, and arrest

Although a pretrial detainee can bring a habeas petition under 28 U.S.C. § 2241, federal courts generally may not interfere with a state's "pending judicial processes prior to trial and conviction, even though a prisoner claims he is being held in violation of the Constitution." *Sacco v. Falke*, 649 F.2d 634, 636 (8th Cir. 1981). In other words, a petitioner may not derail "a pending state proceeding by attempting to litigate affirmative constitutional defenses prematurely in federal court." *Id*. (cleaned up) (quoting *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 493 (1973)). Thus, while 28 U.S.C. § 2241 does not contain an explicit exhaustion requirement, "federal courts should abstain from the exercise of [§ 2241] jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." *Dickerson*, 816 F.2d at 225 (collecting cases); *see also Sacco*, 649 F.2d at 635-36 (petitioner seeking relief from state custody under § 2241 was "required to exhaust his state remedies").

Petitioner has failed to demonstrate that she exhausted her state remedies with respect to her first three grounds for relief.

---

[5] *Compare* 28 U.S.C. § 2254(a) ("[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody *pursuant to the judgment of a State court* only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." (emphasis added)), *with* 28 U.S.C. § 2241(c)(3) ("The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States.").

6

### A. Excessive bail

The Eighth Amendment provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. The "primary function of bail is to safeguard the courts' role in adjudicating the guilt or innocence of defendants," and the only substantive limitation is that the "conditions of release or detention not be 'excessive' in light of the perceived evil." *United States v. Salerno*, 481 U.S. 739, 753-54 (1987). In determining whether bail is unconstitutional, a defendant's "mere financial inability" to post an amount "does not automatically indicate excessiveness." *White v. United States*, 330 F.2d 811, 814 (8th Cir. 1964).

Petitioner claims she is being held without bond despite the fact that she spent a great deal of time outside custody on her own recognizance, always appeared for court, and abided by the terms of her pretrial release.[6] But Petitioner did not exhaust that claim in state court.

Missouri's Supreme Court Rules allow a person detained and unable to meet the conditions of release to have those conditions "reviewed at a hearing by the court." Mo. S. Ct. R. 33.05. If a court "set[s] inadequate or excessive conditions," the accused may seek a remedial writ in a higher court. Mo. S. Ct. R. 33.09. Petitioner raised the issue of her bond in the circuit court, which refused to lower it. But the Court has found no indication that Petitioner sought a remedial writ in the Missouri Court of Appeals, as authorized by Missouri's Supreme Court rules. Therefore, Petitioner's excessive bail claim is unexhausted and must be dismissed.

### B. Speedy trial

Although a pretrial detainee must generally await a final state court judgment to exhaust his remedies, there is an exception where a Petitioner's speedy trial rights are at issue. *See Hogquist v. Anoka Cnty. Dist. Cts.*, 2019 WL 6879367, at *1 n.2 (D. Minn. Oct. 24, 2019). The United States Supreme Court has explained that the exception provides for a pretrial detainee to "demand enforcement" of a state's "affirmative constitutional obligation to bring him promptly to trial." *Braden*, 410 U.S. at 490. Nevertheless, Petitioner must still exhaust state remedies, even if she need not wait until final judgment. *See id.* at 489-90 ("petitioner has exhausted all available state remedies as a prelude to this action," including making "repeated demands for

---

[6] Petitioner's contention is contradicted by the Court's review of Petitioner's state cases as well as her own exhibits, which establish that Petitioner failed to appear on several occasions and ultimately fled the jurisdiction, requiring her extradition from Georgia.

7

trial to the courts of Kentucky, offering those courts an opportunity to consider on the merits his constitutional claim of the present denial of a speedy trial").

Missouri law provides that when a "defendant announces that he is ready for trial and files a request for a speedy trial, then the court shall set the case for trial as soon as reasonably possible thereafter." Mo. Rev. Stat. § 545.780.1. Those provisions "shall be enforceable by mandamus." Mo. Rev. Stat. § 545.780.2.

Having reviewed Petitioner's filings in state court, the Court finds that Petitioner has not exhausted her speedy trial claim. Though Petitioner occasionally mentions her right to a speedy trial in her voluminous submissions, at no point does she announce that she is ready for trial and request a speedy trial. And Petitioner has made no effort to enforce her speedy trial right by mandamus. Rather than presenting her claim in state court, Petitioner filed an action in this Court. *See Wingo v. Ciccone*, 507 F.2d 354, 357 n.11 (8th Cir. 1974) (affirming dismissal of speedy trial claim because petitioner's "apparently unanswered mailing of requests to the detainer-lodging states, asking for speedy trial or dismissal of charges, cannot be deemed an exhaustion of his state remedies"). Because the claim is unexhausted, it must be dismissed.

### C. Petitioner's arrest and confession, the search of her home, and prosecutorial misconduct

Throughout her filings, Petitioner raises issues broadly relating to her arrest on November 1, 2022, alleging that she was kidnapped without a warrant, that her home was searched without a warrant, that she was coerced into giving a false statement, and that prosecutors and law enforcement are retaliating against her.

Petitioner's claims surrounding the circumstances of her arrest raise issues that are addressable through state court procedures, whether through trial, direct appeal, or postconviction actions. For example, Petitioner can bring pretrial motions seeking to suppress evidence due to an unlawful search and seizure and to suppress a statement as violating Petitioner's right against self-incrimination. If those motions are unsuccessful and Petitioner is convicted, she can raise the issues again on appeal. Because she is still pending trial, Petitioner obviously has not exhausted these issues in state court. *See Wayne v. Mo. Bd. of Probation & Parole*, 83 F.3d 994, 998 (8th Cir. 1996) ("All that is required to satisfy the exhaustion doctrine is that the federal claims be fairly presented to the state courts in one full round of litigation."). Because the claims are unexhausted, they are dismissed.

## IV.   Extradition

Petitioner argues that her extradition was wrongful because Georgia improperly confined her while the extradition was pending. *See* Docs. [5], [8]. That claim is not cognizable by this Court. "Prior to his removal to the demanding state, the charged party can . . . challenge his confinement by the asylum state authorities through the writ of habeas corpus," but once a "prisoner has been returned to the demanding state, the writ of habeas corpus is no longer available to challenge his confinement upon grounds arising from conduct in the asylum state." *Brown v. Nutsch*, 619 F.2d 758, 763 (8th Cir. 1980). Because Petitioner is no longer confined in Georgia, she may not challenge her Georgia confinement in this Court.

Petitioner also argues that her extradition was wrongful because she was never served a fugitive warrant, a governor did not sign the warrant, and the time for her extradition had expired under Georgia law. *See* Doc. [5]. Petitioner undermines those allegations by attaching the extradition documents to her amended petition. *See* Doc. [5-1] at 6-19. But even if true, her extradition-related claims would fail because she did not exhaust her remedies in state court. The Eighth Circuit has explained that a habeas challenge to extradition in the asylum state "require[s] exhaustion of state remedies." *Brown*, 619 F.2d at 763. The requirement does not fall away when the extradition is complete.[7] Petitioner must exhaust her claims in the demanding state. Because she has not, the claims are dismissed.

## V.   Preliminary hearing

In both her original and her second amended petitions, Petitioner contends that she was wrongly denied a preliminary hearing. "There is no constitutional right to a preliminary hearing." *United States v. Neff*, 525 F.2d 361, 364 (8th Cir. 1975); *see also Collins v. Swenson*, 443 F.2d 329, 331 (8th Cir. 1971) (Missouri state prisoner's habeas claim that he had been denied a preliminary hearing failed because it did not constitute the denial of a federal constitutional right); *Barber v. Arkansas*, 429 F.2d 20, 22 (8th Cir. 1970) (collecting cases). Also, the requirement of a preliminary hearing is mooted by the return of an indictment. *See United States v. Stith*, 479 F.2d 315, 316-317 (8th Cir. 1973) ("If the grand jury returns a true bill prior to the time a preliminary hearing is held, the whole purpose and justification of the

---

[7] *See Whitten v. Tomlinson*, 160 U.S. 231, 245 (1895) (A facially valid extradition request "is sufficient to make it the duty of the courts of the United States to decline interposition by writ of habeas corpus, and to leave the question of the lawfulness of the detention of the prisoner in the state in which he was indicted to be inquired into and determined, in the first instance, by the courts of the state.").

9

preliminary hearing has been satisfied.") (quoting *Spinelli v. United States*, 382 F.2d 871, 887 (8th Cir. 1967), *rev'd on other grounds*, 393 U.S. 410 (1969)). It is undisputed that Petitioner was charged by indictment; therefore, her claim to a preliminary hearing is meritless and must be dismissed. *See State v. Muthoka*, No. 22SL-CR07861-01 (Mo. 21st Jud. Cir.).

## VI. Conditions of Confinement

Petitioner raises many issues regarding the conditions of her confinement: denial of medical care, denial of dental care, overcrowding, and an unhealthy diet, among other things. Under 28 U.S.C. § 2241, a writ of habeas corpus shall not issue unless a prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "The central focus of the writ of habeas corpus is to provide a remedy for prisoners who are challenging the fact or duration of their physical confinement and are seeking immediate release or a speedier release." *Otey v. Hopkins*, 5 F.3d 1125, 1130 (8th Cir. 1993). Thus, "a writ of habeas corpus is not the proper remedy" where a petitioner is not challenging his or her detention. *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996).

Petitioner's claims regarding the conditions of her confinement do not implicate the legality of her custody. Because a petition for writ of habeas corpus is an improper vehicle for bringing those claims, they must be dismissed.

## VII. Writ of Mandamus

Petitioner also filed a Motion for Writ of Mandamus, Doc. [9], asking the Court to stop her state criminal prosecution. Mandamus is an "extraordinary remedy" and "has traditionally been used in the federal courts only 'to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.'" *Will v. United States*, 389 U.S. 90, 95 (1967) (quoting *Roche v. Evaporated Milk Assn.*, 319 U.S. 21, 26 (1943)). "Only exceptional circumstances, amounting to a judicial usurpation of power, will justify the invocation of this extraordinary remedy." *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980). Pursuant to the All Writs Act, federal district courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). "The actions of a state court are completely outside the field in which [federal courts] can make judicial review and correction" pursuant to that Act. *Middlebrooks v. Thirteenth Jud. Dist. Cir. Ct., Union Cnty.*, 323 F.2d 485, 486 (8th Cir. 1963); *see also Veneri v. Cir. Ct. of Gasconade Cnty.*, 528 F. Supp. 496, 498 (E.D. Mo. 1981)

("[F]ederal courts have no superintending control over and are without authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties.").

Petitioner seeks to have the Court intervene in her state criminal cases and halt her prosecution, arguing that the state court lacks jurisdiction due to her status as a "natural person" and "Hebrew-Israelite." But the actions of state courts and state judicial officers are outside the realm of 28 U.S.C. § 1651. The Court has neither existing nor potential jurisdiction over state proceedings and cannot direct a state judicial officer in the performance of his or her duties. Such jurisdiction is necessary to issue a writ under the All Writs Act. Thus, the request for a writ of mandamus is denied.

### VIII.  Certificate of Appealability

Even though Petitioner sought relief under 28 U.S.C. § 2241, "as a state prisoner [she] is subject to the provisions governing 28 U.S.C. § 2254" and "must obtain a certificate of appealability." *Carmona v. Minnesota*, 23 F. App'x 629, 630 (8th Cir. 2002). Petitioner has not made a substantial showing of the denial of a constitutional right, as is required before a certificate of appealability can issue. 28 U.S.C. § 2253(c); *see also Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) ("A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings."). Thus, the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's motions for leave to proceed *in forma pauperis*, Docs. [4], [7], [11], are **GRANTED**.

**IT IS HEREBY ORDERED** that Petitioner's petition under 28 U.S.C. § 2241 for Writ of Habeas Corpus, Docs. [1], [5], [8], is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Writ of Mandamus, Doc. [9], is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Stay State Court Proceedings, Doc. [12], is **DENIED as moot**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

A separate order of dismissal accompanies this Memorandum and Order.

Dated this 11th day of September, 2023.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE