UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROZINA RHONDA JONES-WILLIAMS, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | No.  4:23-cv-00544 SEP |
| ) | |
| ST. LOUIS COUNTY JUSTICE ) | |
| CENTER, et al., ) | |
| ) | |
| Respondents. ) | |

**MEMORANDUM AND ORDER**

Before the Court is self-represented Petitioner Rozina Jones-Williams's motion for reconsideration, Doc. [15].  For the reasons set forth below, the motion is denied.

### BACKGROUND

On September 11, 2023, the Court denied and dismissed Petitioner's application for writ of habeas corpus brought under 28 U.S.C. § 2241.  Docs. [13], [14].  Petitioner filed a motion titled, "Motion for Leave to Reopen Rule 59(b)(3) Fraud and Motion for Leave for Rehearing or and Appeal, 48 U.S.C. § 872 Pursuant to Rule 59(b)(3), Rule 60(b)(6), Rule 59(e), Rule 91.04, 91.03 and Pursuant to 28 U.S.C. § 1259, 28 U.S.C.A. 1333, 28 U.S.C. § 1446." Doc. [15].  The Court interprets the filing as a notice of appeal and a motion for reconsideration of the dismissal.

In her motion for reconsideration, Petitioner claims that she thought she had fully exhausted her state court remedies before filing her petition for writ of habeas corpus.  She argues that she exhausted her claims in the three separate criminal court cases, in the Missouri Court of Appeals, and in the Missouri Supreme Court. Doc. [15] at 7.  Petitioner also repeats many of the same, or similar, arguments she made in her earlier briefs, including that:  (1) she has been denied due process with respect to the criminal actions against her, *id.* at 2; (2) the State of Missouri committed fraud and misrepresentation with respect to the charges filed against her, *id.* at 3; (3) she has been held illegally (despite being placed on bond) as a "war debt" and in contravention of her emancipation and citizenship of another nation, *id.* at 8, 9; (4) she has been denied access to the courts, as some of her mail has been returned to her or not forwarded by the trial courts to the Missouri Court of Appeals, *id.* at 7, 8; (5) she was unlawfully taken from Georgia and forced into Missouri by a foreign power, *id*. 10, 11; and (6) her public defender is a

"reprobator" against her, because she "affirm[ed]" a speedy trial on March 28, 2023, in state court, but the court and her counsel "forced a § 552.020 on [her] that day," *id.* at 12.[1]

## DISCUSSION

"The filing of a notice of appeal . . . confers jurisdiction on the court of appeals and divests the district court o[f] its control over those aspects of the case involved in the appeal." *Liddell v. Bd. of Educ.*, 73 F.3d 819, 822 (8th Cir. 1996) (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)). But filing a notice of appeal does not prevent a district court from taking action in furtherance of the appeal or from hearing motions on matters that are collateral to those at issue on appeal. *Mahone v. Ray*, 326 F.3d 1176, 1179 (11th Cir. 2003) (first citing *Lairsey v. Advance Abrasives Co.*, 542 F.2d 928, 930 (5th Cir. 1976); then citing *Doe v. Bush*, 261 F.3d 1037, 1064 (11th Cir. 2001)). If an appeal is pending, a district court retains jurisdiction to deny a motion for relief from a judgment because a denial is in furtherance of an appeal. *Griggs*, 459 U.S. at 58-60. When presented with a Rule 60(b) motion after a notice of appeal has been filed, a district court should consider the motion and assess its merits. *Hunter v. Underwood*, 362 F.3d 468, 475 (8th Cir. 2004).

The title of Petitioner's motion indicates she intends to bring it under both Federal Rule of Civil Procedure 59(e) (motion to alter or amend the judgment) and Rule 60(b) (relief from judgment for mistake or other reason). *See Sanders v. Clemco Indus.*, 862 F.2d 161, 164-65, 168-69 (8th Cir. 1988) (discussing differences in characterizing unlabeled motion for reconsideration as either under Rule 59(e) or Rule 60(b)). Rule 59(e) motions are limited to correcting "manifest errors of law or fact or to present newly discovered evidence." *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (quoting *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998)). Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments that could have been presented prior to judgment. District courts have broad discretion in determining whether to grant a Rule 59(e) motion. *Id.*

Federal Rule of Civil Procedure 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;

---

[1] Petitioner appears to be referring to a mental health exam under Missouri Revised Statute § 552.020.

  (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

  (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

  (4) the judgment is void;

  (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

  (6) any other reason that justifies relief.

"Rule 60(b) provides for 'extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances.'" *U.S. Xpress Enters., Inc. v. J.B. Hunt Transp., Inc.*, 320 F.3d 809, 815 (8th Cir. 2003) (quoting *United States v. Young*, 806 F.2d 805, 806 (8th Cir. 1987)).  It is not intended to be a vehicle for seeking reconsideration of merits arguments that were previously considered by the court.  *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999).

  After reviewing Petitioner's arguments, the Court finds no grounds for granting relief under either Rule 59(e) or Rule 60(b).  Petitioner's motion fails to point to any mistake, newly discovered evidence, fraud, or other basis for reconsideration of the Court's judgment.  Instead, the motion mostly revisits the same arguments Petitioner made in earlier filings.  Petitioner states that she thought she exhausted several of her claims, such as speedy trial, excessive bail, and unlawful arrest, in the Missouri state courts.  But Petitioner did not provide case citations to the Missouri Court of Appeals cases in which she purportedly exhausted those claims.  She has also failed to provide copies of the motions/briefs she claims she attempted to file in the Missouri Court of Appeals.  The Court has been unable to find evidence of exhaustion on review of Petitioner's cases on Missouri's Case.net.[2]  To the extent Petitioner believes that her motions to the Missouri Court of Appeals were lost in the mail, not mailed by individuals at the place she was incarcerated or held for a mental exam, or not forwarded to the appellate courts by the criminal trial courts she originally sent them to, she has not provided copies of her original motions or detailed explanations as to when the documents were written and mailed to the Missouri Court of Appeals.  There is nothing in the record to substantiate that Petitioner filed, or

---

[2] Petitioner's underlying state court cases were reviewed on Case.net, Missouri's online case management system.  The Court takes judicial notice of those public records.  *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (district courts may take judicial notice of public state records).

attempted to file, an appeal with the Missouri Court of Appeals related to her speedy trial, excessive bail, unlawful arrest, prosecutorial misconduct, or unlawful extradition claims, and thus the Court has no basis to find that Petitioner attempted to exhaust her state court remedies. *See Wayne v. Mo. Bd. of Probation & Parole*, 83 F.3d 994, 998 (8th Cir. 1996) ("All that is required to satisfy the exhaustion doctrine is that the federal claims be fairly presented to the state courts in one full round of litigation."); *see also Braden v. 30th Jud. Cir. of Ky.*, 410 U.S. 484, 493 (1973); *Brown v. Nutsch*, 619 F.2d 758, 763 (8th Cir. 1980); *Wingo v. Ciccone*, 507 F.2d 354, 357 n.11 (8th Cir. 1974).  Although pro se pleadings are liberally construed, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), their factual allegations cannot be conclusory and must state a claim as a matter of law.  *Johnson v. Stark*, 717 F.2d 1550, 1552 (8th Cir. 1983).  The Court "will not supply additional facts" or "construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (quoting *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir.1989)).  Because there are no exceptional circumstances to justify extraordinary relief, Petitioner's motion for reconsideration is denied.  No certificate of appealability will issue, as Petitioner has not made a substantial showing of the denial of a constitutional right.  *See* 28 U.S.C. § 2253(c); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997).

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's motion for reconsideration of the denial of the application for writ of habeas corpus, Doc. [15], is **DENIED**.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

Dated this 27th day of November, 2023.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE